ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUISA CRESPI OYOLA, CARLOS M. ALVELO SILVA<br><br>RECURRIDOS<br><br>V.<br><br>JOSÉ RAMÓN DÍAZ RÍOS<br><br>PETICIONARIO | KLCE202401172 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br>_____<br>Caso Civil: BY2022CV03438<br>_____<br>SOBRE:<br><br>INTERDICTO PRELIMINAR Y PERMANENTE (*INJUNCTION*); CUMPLIMIENTO ESPECÍFICO DE CONTRATO; DAÑOS Y PERJUICIOS |

Panel integrado por su presidente el Juez Salgado Schwarz, el Juez Monge Gómez y la Jueza Boria Vizcarrondo[1]

Salgado Schwarz, Carlos G., Juez Ponente.

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 3 de diciembre de 2024.

Comparece el señor José Ramón Díaz Ríos (en adelante "señor Díaz" o "Peticionario"), mediante el presente recurso de *Certiorari*, y solicita que "revise[mos] una *Resolución*[2] dictada por el Tribunal de Primera Instancia, Sala de Bayamón, y ordene el cumplimiento y ejecución de la Sentencia Parcial emitida el pasado 6 de julio de 2023".

El 31 de octubre de 2024, esta Curia notificó una *Resolución* en la que le ordenamos a la señora Luisa Crespi Oyola, Carlos M. Alvelo Silva y la Sociedad Legal

---

[1] Mediante Orden Administrativa OATA-2024-118 del 30 de octubre de 2024 se designa a la Hon. Lersy G. Boria Vizcarrondo en sustitución del Hon. Félix R. Figueroa Cabán.
[2] Resolución que fuera notificada el 24 de septiembre de 2024.

Número Identificador

RES2024_____

de Gananciales compuesta por ambos ("matrimonio Alvelo-Crespi" o "Recurridos") mostrar causa por la cual no debería concederse el remedio solicitado por el Peticionario. Los Recurridos contestaron mediante una *Moción en Cumplimiento de Orden*, presentada el 13 de noviembre de 2024.

Examinemos la procedencia y fundamentación del reclamo esbozado por el Peticionario.

-I-

A continuación, exponemos un resumen de los hechos procesales pertinentes ante nuestra consideración.

El 6 de julio de 2022, el matrimonio Alvelo-Crespi presentó una *Demanda* sobre Interdicto Preliminar y Permanente; Cumplimiento Específico de Contrato y Daños y Perjuicios contra el señor Díaz. Alegó que el Peticionario se negó a cumplir un Contrato de Alquiler con Opción a Compra que habían suscrito el 28 de julio de 2017.[3] Ello, a pesar de que los Recurridos habían invertido una suma sustancial de dinero para hacer la vivienda habitable.[4]

Tras varios trámites procesales, el 6 de julio de 2023, el TPI dictó una *Sentencia Parcial*,[5] en la que declaró **Ha Lugar** la solicitud de Interdicto Preliminar y Permanente y ordenó al Peticionario el cumplimiento específico del Contrato, mediante la venta de la propiedad al matrimonio Alvelo-Crespi.[6]

Insatisfecho con lo resuelto, el Peticionario presentó una Moción Urgente sobre Reconsideración en la que solicitó al TPI reconsiderara el dictamen emitido y,

---

[3] Véase Apéndice del recurso de *Certiorari*, pág. 3.
[4] *Íd.*, pág. 4.
[5] La Sentencia Parcial fue notificada el 11 de julio de 2023. Véase Apéndice del recurso de *Certiorari*, págs. 2-12.
[6] *Íd.*, pág. 11.

en consecuencia, dejara sin efecto la orden de venta de la propiedad.[7] Los Recurridos se opusieron[8] y el 31 de julio de 2023, el TPI decretó no ha lugar a la solicitud de reconsideración del Peticionario.[9] De esta determinación, el Peticionario no recurrió ante este Tribunal intermedio, por lo que la *Sentencia Parcial* advino final y firme.

Así las cosas, los Recurridos presentaron una *Moción de Ejecución de Sentencia* el 27 de septiembre de 2023, para solicitar la ejecución de la *Sentencia Parcial*.[10] Mediante Orden emitida el 2 de octubre de 2023, el foro de instancia decretó con lugar el petitorio del matrimonio Alvelo-Crespi y expidió Mandamiento de Ejecución para la otorgación de la escritura de compraventa por el precio de venta pactada de $75,000.00.[11]

Sin embargo, los Recurridos consignaron la suma por $42,280.00 en el TPI.[12] Expusieron que ya habían pagado $25,900.00 en cánones de arrendamiento al Peticionario, de los cuales $6,650.00 ya se encontraban consignados. Además, incluyeron la cantidad de $170.00, por el pago de costas y gastos del litigio para un total de $26,070.00. Esta cantidad se restó del precio de venta pactado por $75,000.00, para finalmente consignar la cantidad de 42,280.00.[13]

El litigio continuó para dilucidar la reclamación pendiente de daños y perjuicios. No obstante, ante el

---

[7] Véase el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 66.
[8] *Íd.*, Entrada 68.
[9] *Íd.*, Entrada 70.
[10] *Íd.*, Entrada 84.
[11] Véanse páginas 14-15 del Apéndice del recurso.
[12] SUMAC, Entrada 93.
[13] *Íd.*, Entrada 94.

reiterado incumplimiento de los Recurridos con las órdenes del TPI relacionadas al descubrimiento de prueba, el 1 de agosto de 2024, el foro *a quo* emitió *Sentencia* en la que decretó el archivo con perjuicio del resto de la demanda en virtud de la Regla 39.2(a) de Procedimiento Civil.[14]

Sobre la consignación de la cantidad por $42,280.00, el Peticionario presentó una *Moción Informativa y Petición de Nulidad*, en la que expuso que no existía ninguna cláusula en el contrato que autorizara al matrimonio Alvelo-Crespi descontar los cánones de arrendamiento pagados del precio de venta. Por consiguiente, solicitó se ordene el depósito por la suma de $42,110.00 para completar el pago del precio pactado por la compraventa.[15]

El 29 de agosto de 2024, el TPI decretó no ha lugar la petición del señor Díaz.[16]

En desacuerdo con lo resuelto, el Peticionario presentó una *Moción de Reconsideración y en Ejecución de Orden* para que ordenara a los Recurridos el cumplimiento con el pago íntegro de $75,000.00.[17]

El 20 de septiembre de 2024, notificada el 24 del mismo mes y año, el TPI decretó no ha lugar a la petición de reconsideración del señor Díaz.[18]

Insatisfecho, el 10 de octubre de 2024, el Peticionario sometió una segunda *Moción de Reconsideración y en Ejecución de Orden*. A esta segunda petición, el TPI decretó "nada que proveer".[19]

---

[14] 32 LPRA Ap. V, R. 39.2(a). Véase página 21 del Apéndice del recurso.
[15] *Íd.*, Entrada 134.
[16] *Íd.*, Entrada 140.
[17] Véanse págs. 22-26 del Apéndice del recurso.
[18] *Íd.*, pág. 1.
[19] SUMAC, Entrada 145.

Aún inconforme, el señor Díaz acudió ante este foro intermedio mediante el recurso de epígrafe en el que señaló los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al no dejar sin efecto el remedio provisional solicitado por la parte demandante-recurrida en aseguramiento de sentencia, al haberse desestimado sin perjuicio la causa de acción en daños pendiente, y ordenar a la demandante-recurrida efectuar el pago íntegro de $75,000.00, en ejecución de la Sentencia Parcial dictada de compraventa.

> Erró el Honorable TPI al no ordenar a la parte demandante-peticionada, de consignar el precio estipulado de $75,000.00, según el contrato de opción para la adquisición del inmueble, ignorando sin fundamento la cláusula del contrato sobre el precio de venta y emitir una determinación de no ha lugar de plano.

-II-

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "*tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen*".[20] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[21] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[22]

Un recuso tardío, "*adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*"[23], por lo que debe ser desestimado. Esto, debido a que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

---

[20] *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[21] *Allied Mgmt. Grp., Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[22] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[23] *SLG Szendrey-Ramos v. F. Castillo*, *supra*, pág. 883.

Por otro lado, el Reglamento del Tribunal de Apelaciones dispone el término para que una parte presente un recurso de *certiorari*. A tales efectos, la Regla 32(C) dispone lo siguiente:

> El recurso de *certiorari* para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los **treinta días** siguientes a la fecha de archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es jurisdiccional.[24]

-III-

Luego del correspondiente análisis de los documentos que obran en el expediente, incluyendo la plétora de documentos del expediente judicial que estuvieron ausentes en el recurso presentado y de los cuales advenimos en conocimiento accediendo el récord del caso a través de SUMAC, y a la luz del derecho aplicable, forzoso nos es desestimar el recurso por falta de jurisdicción, dado que se presentó fuera del término provisto en la legislación. Veamos.

En el caso de autos, la Resolución que abriría las puertas al recurso sería la que fuera notificada por el TPI el 24 de septiembre de 2024, donde se declaró No Ha Lugar a la *Moción de Reconsideración y en Ejecución de Orden*, donde el peticionario solicita la modificación de una determinación tomada por la distinguida magistrada el 29 de agosto de 2024.

El recurso ante nos fue presentado el 25 de octubre de 2024, 31 días luego de abrirse la puerta, y un día luego de que venciera el término dispuesto en la ley. Conforme a la Regla 32, *supra*, el Peticionario debía presentar el *Certiorari* dentro de los treinta días de

---

[24] 4 LPRA Ap. XXII-B, R. 32. *Énfasis suplido.*

haberse emitido la *Resolución* en cuestión, es decir, en o antes del 24 de octubre de 2024.

Ante un escenario como el de autos, en el que el recurso de *Certiorari* fue presentado tardíamente, el Tribunal de Apelaciones carece de jurisdicción para atender el asunto y revisar cualquier determinación resultante de este caso, sea correcta o incorrecta.

-IV-

De conformidad con los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*